UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN PFEIFLE,

        Plaintiff,

   v.                                           CAUSE NO. 3:23-CV-845 DRL-MGG

SOLID FINISH CONSTRUCTION INC.,

        Defendant.

OPINION AND ORDER

Following his termination from Solid Finish Construction Inc., Kevin Pfeifle filed a charge with the Indiana Civil Rights Commission and then a complaint here. He alleges that Solid Finish violated the Americans with Disabilities Act of 1990 (ADA) by paying him less than non-disabled employees, terminating his employment in retaliation for complaining of the pay disparity, failing to accommodate his disability, and terminating his employment for requesting an accommodation. Solid Finish argues that he failed to exhaust administrative remedies as to the two wage disparity claims and seeks their dismissal under Federal Rule of Civil Procedure 12(b)(6). The court grants the motion.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Mr. Pfeifle's favor, these facts emerge. Mr. Pfeifle suffers from obesity and its accompanying effects on his health [6 ¶ 4]. Solid Finish hired him as a dump truck driver on August 8, 2022 [*id.* ¶ 5]. Though Mr. Pfeifle was initially told that he would earn the starting union wage of $26 per hour, the manager at Solid Finish told him the starting wage was $22 [*id.*]. After Solid Finish hired Mr. Pfeifle, the company hired two other drivers without experience in a dump truck—one at age 19—at more than $32 per hour [*id.*].

On October 7, 2022, Mr. Pfeifle spoke with a manager about the pay differences and the possibility that Mr. Pfeifle could drive a truck that was easier to get in and out of [*id.* ¶ 6]. The manager

terminated Mr. Pfeifle's employment after this conversation [*id.*]. Someone overheard the manager say that "Kevin needs to watch his mouth, because there are only a couple trucks he can fit into and I don't have to put him in a truck that he can drive" [*id.* ¶ 7].

Mr. Pfeifle filed a charge with the Indiana Civil Rights Commission on November 16, 2022 [6-1]. He checked the box for disability discrimination only and alleged, "On or around October 8, 2022 I was denied a reasonable accommodation. I believe I was discriminated against based on my disability. Prior to the above mentioned date, I requested to be able to drive certain work trucks as my disability, which the Respondent is aware of, prevents me from driving other work vehicles. On or around October 8, 2022 my reasonable accommodation was denied and I was not given a reason why. I believe I was discriminated against based on my disability" [*id.* 1-2]. Mr. Pfeifle received a right-to-sue letter on May 22, 2023 [*id.* 3].

On August 17, 2023, Mr. Pfeifle filed his complaint in state court, alleging that Solid Finish discriminated against him on the basis of his disability by paying him less than non-disabled employees [6 at ¶ 5], terminating him for asking about his pay disparity [*id.* ¶ 8], denying his request for an accommodation [*id.* ¶ 10], and terminating him for requesting an accommodation of his disability [*id.* ¶ 9]. Solid Finish removed the case to this court on September 15, 2023 [1].

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info.*

*Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted). For a Rule 12(b)(6) motion, the court may consider the complaint, its attachments, documents incorporated by reference in the complaint, and judicially noticeable facts. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

DISCUSSION

A plaintiff suing for employment discrimination under the ADA must first exhaust certain administrative requirements before he can file suit. *See Eiler v. McAleenan*, 770 F. Appx. 271, 273 (7th Cir. 2019); *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016); 42 U.S.C. § 12117(a) (adopting Title VII's remedies and procedures in disability discrimination claims). First, he needs to file a charge. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Next, he must receive a right-to-sue letter, at which time he has 90 days to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). He must exhaust this administrative remedy as a precondition to bringing a private claim. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *see also Fort Bend*, 139 S. Ct. at 1846 ("Title VII's charge-filing instruction is not jurisdictional.").

This requirement exists to provide the employer with notice of the conduct at issue and so the EEOC and employer can investigate and settle the matter out of court. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Because of this, a "plaintiff cannot bring claims in a lawsuit that were not included in h[is] EEOC charge." *Id.* That said, a plaintiff does not need to "allege in an EEOC charge each and every fact that combines to form the basis of each claim in h[is] complaint." *Id.* Rather, the assertions in the charge are given "significant leeway." *Id.*

This liberal standard stems from a recognition that most EEOC charges are "drafted by laypersons rather than lawyers." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831

(7th Cir. 2015). "EEOC charges are in laymen's language." *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir. 1976). "To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination [that] [she] may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." *Id.* at 168; *see id.* at 168–69 (allowing sex discrimination case to proceed because the charge contained facts to support such a claim though the plaintiff didn't check the box for sex discrimination on the charge form).

A complaint meets the exhaustion requirement when its claims are "like or reasonably related to the allegations of the [EEOC] charge and grow[] out of such allegations." *Id.* at 167. Claims are "like or reasonably related" when "(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (quotations omitted).

To determine whether a claim passes this two-part test, there must be "a careful examination and comparison of the charges and the complaint." *Id.* at 1005. The charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 1004 (quoting *Cheek*, 31 F.3d at 500). But a "plaintiff cannot bring a new claim that is inconsistent with the claim in his EEOC charge, even if the new claim involves the same parties and the same facts as the other claim." *Id.* at 1004–05 (quotations omitted). "The fact that the charge and the complaint generally assert the same kind of discrimination is not sufficient, without some factual relationship between them." *Id.* at 1005.

The ADA exists to eliminate "discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). It applies to qualified individuals "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42

U.S.C. § 12111(8). "Under the ADA, there are two types of discrimination claims: failure to accommodate and disparate treatment." *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 285 n.4 (7th Cir. 2015).

A "failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA," so "they are not like or reasonably related to one another, and one cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability." *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999). In *Green*, the plaintiff had not exhausted her administrative remedies as to her failure to accommodate claim by asserting only a disparate treatment claim in her charge. *Id.*; *see also Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (affirming that reasonable accommodation claim was not like or reasonably related to claim that the plaintiff was terminated based on her disability).

Solid Finish argues that Mr. Pfeifle's wage disparity claims should be dismissed based on a failure to exhaust administrative remedies. Mr. Pfeifle concedes that the retaliation claim based on wage disparity is not listed in his charge, so the court dismisses that claim.

As to the remaining wage disparity claim, Solid Finish argues that the charge makes no reference to a wage disparity claim and references only Solid Finish's failure to accommodate his disability. Mr. Pfeifle argues that the charge alleges disability discrimination generally and that he can clarify or amplify the allegations in the charge through additional facts in the complaint. That the charge and the complaint generally assert the same kind of discrimination is insufficient, *see Chaidez*, 937 F.3d at 1005, for there are two types of disability discrimination claims, *see Stern*, 788 F.3d at 285 n.4, and Mr. Pfeifle's charge alleges only an accommodation claim. The law considers an accommodation claim not like or reasonably related to a disparate treatment claim. *See Green*, 197 F.3d at 898. There is no factual relationship between the claims. *See Chaidez*, 937 F.3d at 1004. The court must dismiss the wage disparity claims for failure to exhaust administrative remedies.

CONCLUSION

Accordingly, the court GRANTS Solid Finish's partial motion to dismiss under Rule 12(b)(6) [9] and DISMISSES Mr. Pfeifle's wage disparity claim and retaliation claim based on his complaint of a wage disparity. The case will proceed on his failure to accommodate claim and retaliation claim based on his request for an accommodation.

SO ORDERED.

December 12, 2023        s/ *Damon R. Leichty*
                         Judge, United States District Court